# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| Christopher Tucker, | : | Case No. 1:07CV0451 |
| Petitioner | : | Judge Kathleen O'Malley |
| v. | : | Magistrate Judge David S. Perelman |
| David Bobby, Warden, | : | **MEMORANDUM OPINION** |
| | : | **AND ORDER** |
| Respondent | : | |

Respondent has moved to dismiss this action in habeas corpus, 28 U.S.C. §§2254, on the basis that the petition does not satisfy the requisites of Rule 2(c)(5) of the Rules Governing Section 2254 Cases In The United States District Courts, which provides that the petition "be signed under penalty of perjury by the petitioner or by a person authorized to sign it for the petitioner under 28 U.S.C. §2242." Respondent also complains of the fact that by reason of not completing either of the signature lines on the standard petition form there is also no presumptive filing date which can be looked to.

As this Court does not believe that the deficiency pointed to by respondent is one that deprives this federal court of subject matter jurisdiction, which is the premise of respondent's Rule 12(b)(i) motion, and respondent's counsel has not cited any precedent supporting that contention, this Court will not now recommend dismissal by reason of a procedural flaw in the petition. Instead, this Court will grant petitioner twenty days within which to submit a signed verification to the petition, which shall include a statement of the date upon which the original petition should have

been signed.

    If petitioner fails to do so this Court will then recommend dismissal of the petition.

    If he does so the respondent shall make a timely response to the petition.[1]

    **IT IS SO ORDERED**

s/DAVID S. PERELMAN
United States Magistrate Judge

DATE:   June 18, 2007

---

[1] If, as this Court suspects is the case, this motion was filed by reason of the inability to comply with the deadline set by this Court for the filing of a response to the petition it would have been more seemly for respondent's counsel to seek relief from the marginal order entered on May 7, 2007 than to file a motion having no support in the law. If petitioner submits the supplement called for and counsel is still without all the documentation necessary to file a response he may seek an extension, supported by a detailed explanation of the problem he is encountering.