**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| Christopher L. Tucker, | : | Case No. 1:07CV0451 |
| | : | |
| Petitioner | : | Judge Kathleen M. O'Malley |
| | : | |
| v. | : | Magistrate Judge David S. Perelman |
| | : | |
| David Bobby, Warden, | : | |
| | : | **REPORT AND RECOMMENDED** |
| | : | **DECISION** |
| Respondent | : | |

In this action in habeas corpus, 28 U.S.C. §2254, petitioner challenges the constitutionality of his August 25, 2003 conviction pursuant to a jury trial upon one count of aggravated murder with a firearm specification, upon which he is serving sentences of life imprisonment on the main charge and three years incarceration on the specification, to run consecutive to the life sentence.[1]

Petitioner's conviction arose as a result of the May 22, 2003 shooting death of Mr. Timothy Austin.

On September 3, 2003 petitioner, acting through new counsel, appealed his convictions to the Ohio Eighth District Court of Appeals, alleging four assignments of error:

    I.    Christopher Tucker was denied effective assistance of counsel.

---

[1] Petitioner also entered a plea of no contest to one count of having a weapon while under a disability, upon which he was sentenced to six months incarceration, to be served concurrently with the life sentence. That conviction is not being challenged in this case.

1

> II. The court erred in repeatedly allowing important and damaging hearsay testimony into the trial.
>
> III. Christopher Tucker was denied a fair trial due to prosecutorial misconduct.
>
> IV. Appellant Christopher Tucker's convictions for Aggravated Murder and Having a Weapon While Under Disability was [sic] based on insufficient evidence and against the manifest weight of the evidence.

On October 18, 2004 the state appellate court affirmed the judgment of conviction and sentence.

On January 21, 2005, more than 95 days after the foregoing judgment, the petitioner, now acting pro se, filed with the state supreme court a notice of appeal and motion for leave to file delayed appeal. On March 16, 2005 the court denied leave to appeal and dismissed the action.

On April 22, 2004, while his direct appeal was pending, petitioner filed with the trial court a pro se petition for post-conviction relief, in which he alleged: (1) ineffective assistance of trial counsel for failing to have witnesses testify which he believed would support his alibi; (2) trial witness testimony was not credible; and (3) "Judge possessed apparent bias."

Also filed during the pendency of his direct appeal (on August 2, 2004) was a pro se "Motion for New Trial Pursuant to Rule 33 Under Newly Discovered Evidence," in which petitioner offered as new evidence a notarized statement which he claimed was that of trial witness Joseph Fussell, who purportedly claimed to have been "mistaken" as to the events surrounding the shooting. The prosecution countered that the pendency of petitioner's direct appeal divested the trial court of jurisdiction to consider a motion for new trial, the motion was untimely filed, the "new evidence," even if admitted, would not change the outcome of the trial, the "new evidence" was not new, and the "new evidence" merely contradicted former evidence.

On September 22, 2004 the trial court (Judge John P. O'Donnell) ordered petitioner to "file

an amended, specific motion for post-conviction relief..."  In response, on November 10, 2004 petitioner, now acting through new counsel, filed a pleading captioned "Defendant's Supplemental Petition for Postconviction Relief and a New Trial," in which he alleged that his conviction was based on testimony which he believed the prosecution knew or should have known was perjured. The petition was set for evidentiary hearing on January 4, 2005, but that decision was challenged in a motion for reconsideration filed on January 13, 2005.

During the pendency of that motion for reconsideration, the Judge O'Donnell was succeeded by Judge Eileen T. Gallagher, who, on March 20, 2006, vacated Judge O'Donnell's order scheduling an evidentiary hearing, the stated reason being that the petition for post-conviction relief/motion for new trial was untimely filed and the "new evidence," even if it had been admitted, would not have changed the outcome of the trial.

On June 2, 2006, 65 days after the March 20, 2006 ruling, petitioner filed with the state appellate court a pro se notice of appeal of that decision, as well as a "Motion for Leave to File Notice of Appeal Out of Rule (Instanter)."  On July 6, 2006 the appellate court denied the motion and sua sponte dismissed the appeal.  Petitioner filed no further appeal of that decision to the state supreme court, and is now foreclosed from doing so by Rule II, Section 2(A)(4)(b) of the Ohio Supreme Court Rules of Practice which prohibits delayed appeals for post-conviction petitions.

On February 16, 2007,[2] petitioner filed the instant pro se petition for writ of habeas corpus, in which he alleges the following eight[3] grounds for relief:

    **A.   Ground One:** Petitioner was denied effective assistance of

---

[2] The date upon which petitioner signed the original petition is deemed to have been the filing date. Houston v. Lack, 487 U.S. 266 (1988).

[3] Petitioner stated that there were nine claims for relief, but appears to have miscounted.

3

Counsel.

**Supporting FACTS:** Important Pre-Trial Motions were not filed (motion to Suppress), not investigating department procedures when Forensic's play a big part, failure to interview potential witnesses and statements that lead to the surprise evidence of a single photo shown, tainted newspaper article and never a photo array.

**B.  GROUND TWO:** Court erred in repeatedly allowing damaging hearsay testimony into the Trial.

**Supporting FACTS:** The Court lets state witness offer through impermissible hearsay, rumors and opinions. Over objections from defense Counsel, detective and prosecutors offer hearsay from untestifiable witnesses which may have strengthen states case, that rested solely on two shaky "Eye Witnesses."

**C.  GROUND THREE:** Petitioner was denied a fair trial due to prosecutorial misconduct.

**Supporting FACTS:** Prosecutor clearly produced a vindictive prosecution based on a prior conviction, misleading the Court and Jury. He purposely lied and twisted and convictions to suit his prosecution. Mr. Neff lead the Court and Jury to believe petitioner car-jacked a man (giving his name), in an attempt to show a violent history; failure to disclose exculpatory information which was requested in Discovery Motion which left defense Counsel unprepared [sic].

**D.  GROUND FOUR:** Conviction based on insufficient evidence and against the manifest weight of the evidence.

**Supporting FACTS:** State witnesses stories don't match, their inconsistent with one another, their consumption of alcohol, distance from event, time period frame to give information which was threatened and coerced by detectives out of witnesses, the rapid and chaotic event that witnesses froze and "Distraught." In which all leads to hearsay and nothing concrete to support the conviction. Defense witnesses all gave a consistent testimony that petitioner was inside bar during the shooting. No weapons, or physical evidence exist

that link petitioner to the shooting.

E. **GROUND FIVE:** Courts permitted false testimony to go uncorrected (Evidentiary Challenge).

**Supporting FACTS:** States [sic] main witness (Joseph Fussell the third), falsely accused petitioner of a shooting that later resulted in an arrest, trial of lies and a conviction. Now thru a written, signed and notarized affidavit from Fussell recanting his testimony of petitioner being the shooter. An Evidentiary Hearing was granted by the trial judge John P. O'Donnell but later vacated by the new presiding Judge Eileen Gallagher when Judge O'Donnell retired from his bench which now leaves this case closed due to false testimony, rumors and hearsay.

F. **GROUND SIX:** Prejudicial toward proceeding.

**Supporting FACTS:** The Court clearly states denying petitioners [sic] 29 Acquittal Motion based on States [sic] witness (Joseph Fussell the third), trial testimony made to the Court saying "I think from his testimony to the fact of him saying, I can't believe someone could be that cold" contrary to the Courts [sic] reason, now having an affidavit from Mr. Fussell a key witness clearly shows the fact stated in the Judges reason for a denied Acquittal Verdict, shows that Fussell's comment played a big part on the Judges [sic] verdict.

G. **GROUND SEVEN:** Constitutional Challenge to Jury Selection Procedure.

**Supporting FACTS:** Defense Counsel refused to remove a former prosecutor from the Jury during voir dire in which petitioner found odd, being that Juror #3 (Mr. Weintraub), acknowledged that he knew trial prosecutor from former work establishment. Petitioner told defense Counsel to remove the Juror but Counsel stated "He had used all his exclusions for Jurors but would talk to the Judge." But to my acknowledgment the following day, Counsel tells petitioner, "It was to [sic] late, it's nothing he can do now" which now left petitioner with an unbalanced Jury.

H. **GROUND EIGHT:**  Prosecutorial Misconduct.

5

> **Supporting FACTS:** Prosecutor failed to up hold [sic] his duties in investigating the prior statement given when States [sic] witness admitts [sic] on the stand that, the statement presented at trial wasn't what he told detectives, that they suggested the information in which he claims he told them. "He wasn't sure of what he saw," with detectives admitting on stand that he rewrote answers other than what witnesses told him. Detectives admitted that he failed when it came to following proper Police protocol (not testing for gun powder residue, not searching known residents and releasing the so called get away vehicle), which was evidence.

Respondent has moved to dismiss the instant petition as having been untimely filed.

The provisions of the Antiterrorism and Effective Death Penalty Act, "AEDPA," Pub. L. No. 104-132, 110 Stat. 1214 (Apr. 26, 1996) are controlling herein as the instant petition was filed after the Act's effective date. Lindh v. Murphy, 521 U.S. 320 (1997).

Title 28 U.S.C. § 2244 provides that a petition for habeas corpus by a state prisoner must be filed within one year from the date on which direct review of the judgment was completed or the time to pursue such review expired. After entry of a final judgment of a "state court of last resort," a criminal defendant has ninety days to file a petition for writ of certiorari, according to Rule 13 of the Rules of Court of the United States Supreme Court. That one year limitation period begins to run upon the expiration of the time for filing a petition for writ of certiorari for direct review in the United States Supreme Court. Isham v. Randle, 226 F.3d 691, 694-95 (6th Cir. 2000). Section 2244(d)(2) further provides that: "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." However, once that time period is expired it cannot be revived by the filing of state collateral review proceedings. Vroman v. Brigano, 346 F.3d 598, 601-602 (6th Cir. 2003), quoting

Rashid v. Khulman, 991 F.Supp. 254, 259 (S.D.NY 1998) ("Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations.").

In order to toll the limitations period an application for state post-conviction or other collateral review must have been "properly filed," which the United States Supreme Court has defined as being "when its delivery and acceptance are in compliance with the applicable laws and rules governing filings, e.g., requirements concerning the form of the document, applicable time limits upon its delivery, the court and office in which it must be lodged, and payment of a filing fee." Artuz v. Bennett, 531 U.S. 4 (2000). Tolling only occurs if there has been a "properly filed" post-conviction or other collateral proceeding. Lawrence v. Florida, 549 U.S. ___, 127 S.Ct. 1079, 166 L.Ed.2d 924 (2007). If a state court finds that a post-conviction or other collateral proceeding has not been "properly filed" in accordance with state procedural rules, that action will not toll the AEDPA limitations period. Pace v. DiGuglielmo, 544 U.S. 408 (2005).

In the present case, petitioner's conviction became final 45 days after the October 18, 2004 state appellate court affirmance of his convictions on direct appeal, the date upon which petitioner would have had to file an appeal of that decision to the state supreme court. Rule II, § 2(A)(1) of the Rules of Practice of the Ohio Supreme Court. That date was December 2, 2004. When petitioner did not file such an appeal to the state supreme court, the one year limitation period within which his habeas petition was due to be filed began to run on the following day, December 3, 2004, Rule 6, Federal Rules of Civil Procedure, and continued to run for 49 days until petitioner filed his notice of appeal and motion for leave to file delayed appeal with the state supreme court, at which point it was tolled. When on March 16, 2005 the court denied leave to file a delayed appeal and dismissed the matter, the limitations period began to run the following day, and

7

continued to run until it expired 316 days later on January 17, 2006.[4]

This petition, not having been filed until February 16, 2007, must be deemed untimely.

Petitioner's attempts at post-conviction relief did not serve to toll the limitations period, in light of the fact that the trial court which ultimately ruled upon them in the March 20, 2006 decision found them to be untimely filed, and once a petition for post-conviction relief is found by a state court to have been untimely "that [is] the end of the matter," for purposes of determining whether there had been tolling of the limitations period for filing a federal petition for writ of habeas corpus. Allen v. Siebert, 552 U.S. ___, 76 U.S.L.W. 3237, 2007 U.S. LEXIS12076 (November 5, 2007).

Finally, there is nothing in the record to suggest that equitable tolling is warranted in this case to permit review of petitioner's time-barred claims for relief in habeas corpus. It is petitioner's burden to demonstrate the necessity of equitable tolling, which is infrequently applied by the courts. Allen v. Yukins, 366 F.3d 396, 401 (6th Cir. 2004), cert. denied, 125 S.Ct. 200 (2004); McClendon v. Sherman, 329 F.3d 490, 494 (6th Cir. 2003). Having failed to make such a showing, petitioner is not entitled to equitable tolling of the limitations period.

In light of all the foregoing the instant petition was untimely filed and, therefore, it is recommended that it be dismissed.[5]

---

[4]There would be no further tolling for the 90 day period within which a petition for writ of certiorari could be filed with the United States Supreme Court, in light of the fact that there was no timely appeal to the state supreme court and, therefore, no judgment on the merits from which he could have sought review from that court. United States v. Cottage, 307 F.3d 494 (6th Cir. 2002).

[5]Having reached this conclusion this Court sees no need to address respondent's arguments that petitioner's claims would also be considered as procedurally defaulted.

s/DAVID S. PERELMAN  
United States Magistrate Judge

DATE:   November 15, 2007

## OBJECTIONS

Any objections to this Report and Recommended Decision must be filed with the Clerk of Courts within ten (10) days of receipt of this notice. Failure to file objections within the specified time waives the right to appeal the District Court's order. *See, United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See, also, Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).