**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **CHRISTOPHER L. TUCKER,** | : | **Case No. 07-CV-451** |
| **Petitioner,** | : | |
| | : | **JUDGE KATHLEEN O'MALLEY** |
| **v.** | : | |
| **DAVID BOBBY, WARDEN,** | : | **MEMORANDUM & ORDER** |
| **Respondent.** | : | |

Before the Court is Petitioner Christopher L. Tucker's ("Tucker") *Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus* (Doc. 1, Petition).  Tucker's Petition asserts eight grounds for relief arising out of his August 25, 2003 conviction for aggravated murder with a firearm specification.  The case was automatically referred to Magistrate Judge David S. Perelman for preparation of a Report and Recommendation ("R&R").  Respondent Warden David Bobby ("the State") filed an Answer/Return of Writ (Doc. 13, Answer).  Although he requested, and was granted, an extension of time to file a Reply, Tucker did not do so.  On November 15, 2007, Magistrate Judge Perelman issued an R&R recommending that this Court dismiss Tucker's petition as time-barred pursuant to 28 U.S.C. § 2244.  (Doc. 16, R&R.)  Tucker timely filed an objection to the R&R (Doc. 17, Objection), and the State did not respond to Tucker's objection.  Consequently, this Petition is ripe for adjudication.  For the reasons articulated below, the Court **ADOPTS** the R&R and **DISMISSES** Tucker's Petition.

I.     **BACKGROUND**

The R&R accurately sets forth the undisputed factual and procedural background of this case.  (Doc. 8 at 1-6.)  In the interest of efficiency, therefore, the Court adopts the R&R's articulation of the relevant factual and procedural background.  The following provides a summary of the pertinent

facts and procedural history.

On May 22, 2003, Timothy Austin was shot and killed. The State indicted Tucker for Austin's death, and a jury found Tucker guilty of one count of aggravated murder with a firearm specification on August 25, 2003. The trial court sentenced Tucker to life imprisonment in connection with the aggravated murder conviction, and three years in connection with the firearm specification, to run consecutive to the life sentence.

Tucker appealed his conviction September 3, 2003. The state court of appeals affirmed Tucker's conviction and sentence on October 18, 2004. Tucker did not timely appeal the affirmance to the Supreme Court of Ohio. Instead, on January 21, 2005, he filed a motion for leave to file a delayed appeal with the Supreme Court of Ohio. On March 16, 2005, the Supreme Court of Ohio denied leave to appeal and dismissed the action.

While his appeal was pending before the state court of appeals, however, Tucker filed two motions for post-conviction relief. On April 22, 2004 Tucker filed a pro se petition for post-conviction relief arguing ineffective assistance of counsel, incredible witness testimony, and judicial bias. He also filed a motion for a new trial on August 2, 2004. In his motion for a new trial, he argued that a new trial was required because of newly discovered evidence–specifically, a notarized statement by Joseph Fussell, an eye witness to Austin's death, purporting to recant his testimony regarding the events surrounding the shooting.

On September 22, 2004, before the state court of appeals affirmed his conviction, the trial court, Judge John P. O'Donnell, ordered Tucker to file an amended motion for post-conviction relief. Tucker did so on November 10, 2004 – approximately three weeks after the state court of appeals affirmed his conviction. On January 4, 2005, Judge O'Donnell set an evidentiary hearing on

-2-

Tucker's amended motion for post-conviction relief.  The state filed a motion to reconsider the evidentiary hearing.

Judge O'Donnell did not rule on the motion to reconsider or re-schedule the hearing, and he was eventually succeeded by Judge Eileen T. Gallagher.  On March 20, 2006, Judge Gallagher vacated Judge O'Donnell's order granting the evidentiary hearing on the grounds that Tucker's motion for post-conviction relief was untimely filed,[1] and that the purportedly new evidence would not have changed the outcome of the trial.  Tucker did not <u>timely</u> appeal Judge Gallagher's decision vacating the evidentiary hearing, but did file a motion for leave to file a delayed appeal on June 2, 2006.  The state court of appeals denied Tucker's motion on July 6, 2006 and dismissed his appeal. Tucker did not appeal this decision to the Supreme Court of Ohio.

On February 16, 2007, Tucker filed the instant pro se petition for a writ of habeas corpus asserting eight grounds for relief.[2]

---

[1] Specifically, Judge Gallagher found that Tucker's motion for post-conviction relief did not comply with Ohio Criminal Rule 33.  (Doc. 13-26, Journal Entry.)  In the Journal Entry denying Tucker's motions, Judge Gallagher stated as follows:

> Upon consideration of the [amended motion for post-conviction relief] and upon review of the trial transcript and CR. 33 as well as the 6 part test outlined in [*State v. Petro* (1947), 148 Ohio St. 505], the Court finds the motion untimely filed.

(*Id*.)  As the State explained in its brief in opposition to Tucker's motion for post-conviction relief, under Ohio Criminal Rule 33(B), the Defendant has 120 days to file a post-conviction motion for a new trial based on newly discovered evidence.  (Doc. 13-17.)  If the Defendant does not file such a motion within 120 days of the challenged conviction, which Tucker undisputedly did not, Ohio Criminal Rule 33(B) states that the Court may nonetheless consider the motion if and only if it first enters an order finding that the Defendant was unavoidably prevented from discovering the new evidence in time to file a timely motion.  Judge Gallagher's Journal Entry indicates that she found that Tucker did not file his motion within 120 days and did not shoulder his burden of establishing that he was unavoidably prevented from doing so.

[2] The R&R sets forth Tucker's eight grounds for relief.  (Doc. 16 at 3-6.)

-3-

## II.    LAW AND ANALYSIS

Tucker filed his § 2254 Petition on February 16, 2007. Therefore, the Antiterrorism and

Effective Death Penalty Act of 1996 ("AEDPA") governs this Court's review of that petition.

*Harpster v. Ohio*, 128 F.3d 322, 326 (6th Cir. 1997), *cert. denied*, 522 U.S. 1112 (1998); *see also*

*Woodford v. Garceau*, 538 U.S. 202, 210 (2003).[3]

### A.    APPLICABLE LAW

The AEDPA requires that *habeas* petitions be filed within one year of the latest of four

triggering dates set forth at 28 U.S.C. § 2244(d)(1).  In this case, the State argues that Tucker did not

timely file his Petition pursuant to 28 U.S.C. § 2244(d).  For purposes of analyzing Tucker's Petition,

the first triggering date is the only one at issue.[4]  Section 2244(d)(1)(A) provides:

---

[3]  The AEDPA applies to petitions filed *after* the Act's April 26, 1996 effective date. *Barker v. Yukins*, 199 F.3d 867, 871 (6th Cir. 1999).

[4]  Although Tucker does not argue that sub-sections (B)-(D) apply, 28 U.S.C. § 2244(d)(1) provides, in its entirety, as follows:

(d)(1)  A 1-year period of limitation shall apply to an application for a writ of *habeas corpus* by a person in custody pursuant to the judgment of a state court. The limitation period shall run from the latest of –

    (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

-4-

(d)(1)  A 1-year period of limitation shall apply to an application for a writ of *habeas corpus* by a person in custody pursuant to the judgment of a state court. The limitation period shall run from the latest of –

    (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; . . .

28 U.S.C. § 2244(d)(1)(A).   The expiration of the time for seeking such review is defined by case law.  *See e.g.*, *Isham v. Randle*, 226 F.3d 691, 694-95 (6th Cir. 2000).  The time period for seeking direct review expires when the 90-day time period for filing a petition for a writ of certiorari in the United States Supreme Court has expired.  *See Sherwood v. Prelesnik*, 579 F.3d 581, 585 (6th Cir. 2009) (citing *Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000)).  Where, as here, the petitioner has <u>not</u> sought review from the state court of last resort, however, direct review becomes final when the time period for seeking such review expires.  *See United States v. Cottage*, 307 F.3d 494, 499 (6th Cir. 2002) (holding that § 2255 petitioner's failure to file a direct appeal to the court of appeals makes the deadline the date on which the time period for filing appeal with the court of appeals expires because no judgment exists from which he could seek further review in the United States Supreme Court); *Roberts v. Cockrell*, 319 F.3d 690, 694-95 (5th Cir.2003); *Kapral v. United States*, 166 F.3d 565, 577 (3d Cir.1999); *Ovalle v. United States*, No. 02-1270, 2002 WL 31379876, at *2 (6th Cir. Oct. 21, 2002) (citing *Wims v. United States*, 225 F.3d 186, 188 (2d Cir.2000); *McDermott v. Kerns*, Case No. 3:07cv901, 2008 WL 2600008, at *14 (N.D. Ohio June 26, 2008) (quoting *Cockrell*: "If the defendant stops the appeal process before [entry of judgment by the state court of last resort], the conviction becomes final when the time for seeking further direct review in the state

---

28 U.S.C. § 2244(d)(1).

court expires.");*see also United States v. Clay*, 537 U.S. 522 (2003) (holding that finality is analyzed

the same under §§ 2244(d)(1)(A) and 2255).

Furthermore, as Magistrate Judge Perelman explains in the R&R, 28 U.S.C. § 2244(d)(2)

provides for tolling of the limitations period during the time a "properly filed" application for state

post-conviction relief or other collateral review is pending.  Section 2244(d)(2) states:

> The time during which a properly filed application for State post-conviction or other
> collateral review with respect to the pertinent judgment or claim is pending shall not
> be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(2).  For purposes of this case, the key requirement of § 2244(d)(2) is that the

motion for post-conviction relief must be "properly filed."  The United States Supreme Court has

held that an application for post-conviction relief is not "properly filed" if the state court finds that

it was untimely.  *Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005).  An untimely motion for state

post-conviction relief, therefore, cannot toll the one year statute of limitations pursuant to §

2244(d)(2).  *Id*.  In fact, when a state court finds that a motion for post-conviction relief has been

untimely filed, "that [is] the end of the matter" with respect to the § 2244(d)(2) analysis.  *Allen v.

Siebert*, 552 U.S. 3, 7 (2007) (omitting internal quotations).

**B.    THE R&R**

In the R&R, Magistrate Judge Perelman calculates the § 2244(d) statute of limitations as

follows:

(1)    Tucker's direct appeal ended when the state court of appeals affirmed his conviction
on October 18, 2004;

(2)    Because Tucker did not appeal the court of appeals' October 18, 2004 decision to the
Supreme Court of Ohio and the time for filing such an appeal under Ohio law is 45
days from October 18, 2004, the AEDPA statute of limitations began to run on
December 3, 2004;

(3)    The AEDPA statute of limitations ran for 49 days, until Tucker filed his motion for

-6-

leave to file a delayed appeal in the Supreme Court of Ohio on January 21, 2005, at which time the statute was tolled until the Supreme Court of Ohio denied leave to appeal on March 16, 2005;

(4)     The AEDPA statute of limitations ran for 316 days from March 17, 2005 until January 17, 2006, when it expired;

(5)     Because the trial court ultimately – i.e., by virtue of Judge Gallagher's order vacating Judge O'Donnell's order and denying Tucker's amended motion for post-conviction relief – held that Tucker's post-conviction motions were untimely, their pendency did not toll the AEDPA statute of limitations from November 10, 2004 (when Tucker filed the amended post-conviction motion that Judge O'Donnell set for a hearing) until March 20, 2006 (when Judge Gallagher vacated Judge O'Donnell's order and denied the amended post-conviction motion).

(6)     Tucker filed the § 2254 Petition now before the Court on February 16, 2007, more than one year after the January 17, 2006 deadline.

(Doc. 16 at 7-8.) Magistrate Judge Perelman expressly relies on the United States Supreme Court's decisions in *Pace*, 544 U.S. 408 and *Allen*, 552 U.S. 3 in support of his statute of limitations analysis.

## C.     TUCKER'S OBJECTION

In his Objection, Tucker asserts that his Petition should not be dismissed as untimely. (Doc. 17.) He notes that Judge O'Donnell "found merit or at least wanted to know more about Fussell's recantation and granted a Full Evidentiary Hearing[,]" and appears to argue that, therefore, his motions for post-conviction relief were properly filed. He acknowledges that Judge Gallagher eventually vacated Judge O'Donnell's order for an evidentiary hearing on Tucker's amended motion for post-conviction relief on the grounds that the motion was untimely and futile, but makes the following general appeal to equity:

So with Gallagher, waited [sic] to rule on a granted evidentiary hearing that was scheduled for January 4, 2005. Petitioner['s] time could have never begin [sic] to run, until she either heard the case or dismissed it. For over a year petitioner waited for a hearing that was granted to him but later vacated and magistrate judge feels he should be penalized for the court['s] violation of Due Process of law by not hearing or fulfilling the granted evidentiary hearing.

-7-

(Doc. 17 at 3.)

> **D.     TUCKER'S OBJECTION IS NOT WELL-TAKEN**

While Tucker's position is not unreasonable, it lacks a foundation in federal habeas law. First, the Supreme Court was unequivocal in *Allen*: when the state court concludes that a motion for post-conviction relief is untimely, the motion is <u>not</u> "properly filed" for purposes of § 2244(d)(2) tolling. *Allen*, 552 U.S. at 7. Here, it is undisputed that the state court that finally resolved Tucker's amended motion for post-conviction relief found that it was untimely pursuant to Ohio Criminal Rule 33(B). Accordingly, "that is the end of the matter." *Id*. Although Tucker argues that the motion was pending for more than a year awaiting the evidentiary hearing Judge O'Donnell had scheduled, it is worth noting that Judge O'Donnell did not rule on the motion itself – he merely scheduled a hearing on the motion. Judge Gallagher actually ruled on the motion, and she held that it was both untimely pursuant to the timing requirements set forth in Ohio Criminal Rule 33(B), and not well-taken. Accordingly, the Court overrules Tucker's objection to the extent that it advances a vague challenge to the legal authority cited in the R&R in support of the conclusion that Tucker's amended motion for post-conviction relief should toll the statute of limitations pursuant to 28 U.S.C. § 2244(d)(2).

Second, in essence, Tucker appears to be making an argument for equitable tolling in his Objection. He has not, however, even attempted to satisfy the rigorous standard for equitable tolling in the Sixth Circuit. Tucker did not raise equitable tolling in his Petition. Furthermore, Tucker did not use the extension of time the Court granted as an opportunity to address equitable tolling in his reply brief – indeed, he did not file a Reply at all. Lastly, Tucker does not raise equitable tolling in his Objection, despite the fact that the R&R expressly addresses equitable tolling as follows:

-8-

> Finally, there is nothing in the record to suggest that equitable tolling is warranted in this case to permit review of petitioner's time-barred claims for relief in habeas corpus. It is petitioner's burden to demonstrate the necessity of equitable tolling, which is infrequently applied by the courts. *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004), *cert. denied*, 125 S.Ct. 200 (2004); *McClendon v. Sherman*, 329 F.3d 490, 494 (6th Cir. 2003). Having failed to make such a showing, petitioner is not entitled to equitable tolling of the limitations period.

(Doc. 16 at 8.) While the Court acknowledges that Tucker is a pro se litigant entitled to liberal construction of his pleadings, this does not excuse his failure to even mention in his Objection a legal doctrine expressly addressed in the R&R and commonly discussed in § 2254 cases. *See Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004) (explaining that the leniency to which pro se petitioner are entitled "is not boundless"). Tucker's failure to object to this section of the R&R forecloses Sixth Circuit review of equitable tolling. *Smith v. Franklin*, 872 F.2d 1028 (6th Cir. 1989) (unpublished). "Failure to object to an adverse magistrate's report and recommendation, after being advised of the consequences, constitutes a waiver of further appellate review." *Smith*, 872 F.2d 1028 (6th Cir. 1989) (unpublished) (citing *Thomas v. Arn*, 474 U.S. 140 (1985)); *see also Javaherpour v. United States*, 315 Fed. Appx. 505, 508 (6th Cir. 2009) ("[A] party must file timely objections with the district court to avoid waiving appellate review." (citing *States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981))).[5] Even if the Court could interpret Tucker's general objection as an

---

[5] Indeed:

> In *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 471, 88 L. Ed. 2d 435 (1985), the United States Supreme Court specifically upheld [the Sixth Circuit's] rule conditioning the right to appeal a district court's order on the filing of specific objections to the magistrate's report and recommendation. The Court noted that "the Sixth Circuit rule, by precluding appellate review of any issue not contained in objections, prevents a litigant from 'sandbagging' the district judge by failing to object and then appealing." *Id.*

*Wilson v. McMacken*, 786 F.2d 216, 220 (6th Cir. 1986) (discussing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254); *see also Blandin v. Williams*, No. 3:08-CV-2172,

equitable tolling argument, moreover, "[t]he doctrine of equitable tolling is applied sparingly by federal courts[,]" and Tucker has failed to address the Sixth Circuit's stringent five-factor test for equitable tolling. *Vroman v. Brigano*, 346 F.3d 598, 604 (6th Cir. 2003). For these reasons, to the extent Tucker's Objection can be interpreted as asserting an implicit request for equitable tolling, it is overruled.

## III.    THE COURT WILL NOT ISSUE A CERTIFICATE OF APPEALABILITY

For the foregoing reasons, moreover, the Court finds that Tucker did not make "a substantial showing of the denial of a constitutional right" with respect to any of his claims in his Petition. 28 U.S.C. § 2253(c)(2). Accordingly, the Court will <u>not</u> issue a certificate of appealability.

Additionally, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

## IV.    CONCLUSION

For the foregoing reasons, Magistrate Judge Perelman's R&R (Doc. 16) is **ADOPTED** and Tucker's Petition (Doc. 1) is **DISMISSED**.


**IT IS SO ORDERED.**


                                                    s/Kathleen M. O'Malley
                                                    KATHLEEN McDONALD O'MALLEY
                                                    UNITED STATES DISTRICT JUDGE

---

2009 U.S. Dist. LEXIS 54111, at *3 (N.D. Ohio June 26, 2009) ("A [§ 2254] petitioner who fails to object to legal or factual conclusions of a report and recommendation waives review of those issues.").

**Dated: March 16, 2010**